## ANNA SMITH v. JOHN SALEM.[1]

December 2, 1921.

No. 22,557.

**Assault and battery — verdict supported by evidence.**

1. The evidence sustains a finding that the defendant assaulted and beat the plaintiff.

[1] Reported in 185 N. W. 394.

**Damages not excessive.**

2. The damages awarded are not excessive.

Action in the district court for Hennepin county to recover $5,000 for assault and battery. The case was tried before Hale, J., and a jury which returned a verdict of $1,000 in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Louis L. Swarthe,* for appellant.

*J. J. Truax,* for respondent.

DIBELL, J.

Action for assault and battery. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. In March, 1920, the defendant was a manufacturer of aprons in a small way in Minneapolis. The plaintiff had worked for him irregularly. She came to his store for her pay. She claimed that she had worked 10 hours for which there was $2.50 due, and he claimed that he only owed her $2.25. He claimed that she was "knocking" his business, and seemed to see some connection between his duty to pay and her attitude towards his business. He went out and telephoned the police. The plaintiff claims that before he went for the police he hit her and locked her in the room. This he denies. The plaintiff and the defendant were the only ones present. The defendant was not removing the plaintiff from his store, because she was a trespasser, using such force as was necessary. He either assaulted and beat her, or he did not. The jury chose to accept the testimony of the plaintiff and it sustains a verdict.

2. It is claimed that the damages are excessive. The verdict was for $1,000. The plaintiff's physical injuries were such that the jury could find damage in some substantial amount. In addition there was the attendant humiliation and disgrace, and these are items of actual damages. The jury could find that the act of the defendant was malicious and wanton. There could be an award of punitive damages. The damages cannot be held excessive.

The defendant claims error in singling out the testimony of certain witnesses of the plaintiff and accentuating its importance. We do not sustain this claim and see nothing in it calling for discussion. The trial was conducted with entire fairness.

Order affirmed.